# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| EDWYN ROLAND, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:14CV00166ACL |
| | ) | |
| IAN WALLACE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon review of the complaint pursuant to 28 U.S.C. § 1915. Plaintiff seeks declaratory and monetary relief in this action against Southeast Correctional Center employees Ian Wallace (Warden), Ryan Degen (Correctional Officer), and Michael Vaughn ("Ad-Seg Supervisor"). After reviewing the seventy-one-page complaint and attachments, it is difficult to ascertain the precise nature of plaintiff's claims against each of the named defendants. As such, the Court will instruct plaintiff to file an amended complaint on a Court-provided form, clearly stating the capacity in which each defendant is being sued and refraining from attaching exhibits to the pleading, as more fully set forth below.

The Federal Rules of Civil Procedure require litigants to formulate their pleadings in an organized and comprehensible manner. Even pro se litigants are obligated to abide by the Federal Rules of Civil Procedure. See U.S. v. Wilkes, 20 F.3d 651, 653 (5th Cir. 1994); Boswell v. Honorable Governor of Texas, 138 F.Supp.2d 782, 785 (N.D. Texas 2000); Fed.R.Civ.P. 8(a)(2) (complaint should contain short and plain statement of claims); Fed.R.Civ.P. 8(e)(2) (each claim shall be simple, concise, and direct); Fed.R.Civ.P. 10(b) (parties are to separate their claims within their pleadings the contents of which shall be limited as far as practicable to a single set of circumstances). Although the Court is to give the complaint the benefit of a liberal construction, the Court will not create facts or claims that have not been alleged. Plaintiff is required, to the best of his ability, to set out in a simple, concise, and direct manner, not only his claims, but also the facts supporting these claims as to each named defendant. Because plaintiff has failed to do so, the Court is unable to determine the nature of his claims.

Taking into consideration the fact that plaintiff is proceeding pro se and in forma pauperis, the Court will grant him time to file an amended complaint. The amended complaint shall be typed or legibly handwritten on a Court-provided form for filing a civil complaint. Plaintiff is advised that his amended complaint will supersede his original complaint and will be the only complaint this Court reviews.

Moreover, in the section of the complaint entitled "Statement of Claim," plaintiff must set out, in separate numbered paragraphs and in a simple, concise, and direct manner, the specific facts relative to his claims against each of the named defendants. Plaintiff should not attach exhibits to his amended complaint. In addition, plaintiff must state the capacity in which he is suing each defendant (i.e., individual capacity, official capacity, and/or both individual and official capacities). Plaintiff risks dismissal of the instant action if he fails to comply with this Court's instructions.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that, pursuant to the Court's instructions, plaintiff shall file an amended complaint on a Court-provided form within thirty (30) days from the date of this Order.

**IT IS FURTHER ORDERED** that the Clerk shall forward to plaintiff the Court-provided form for filing a prisoner civil rights complaint.

Dated this 23rd day of January, 2015.

_____
**UNITED STATES MAGISTRATE JUDGE**