UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| EDWYN ROLAND, | ) |  |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 1:14-CV-166-ACL |
| IAN WALLACE, et al., | ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of Edwyn Roland (registration no. 1109046) for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the filing fee, and therefore, the motion will be granted, and a $10.62 initial partial filing fee will be assessed. *See* 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court finds that process should issue on the complaint with respect to defendants Ryan Degen and Michael Vaughn in their individual capacities. As to defendant Ian Wallace, this action will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner

has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $53.08 and an average monthly balance of $1.98. Plaintiff has insufficient funds to pay the filing fee, and the Court assess an initial partial filing fee of $10.62.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who

is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

**The Complaint**

Plaintiff, an inmate at the Southeast Correctional Center, seeks monetary relief in this action brought pursuant to 42 U.S.C. § 1983. Named as defendants are Ian Wallace (Warden), Ryan Degen (Corrections Officer), and Michael Vaughn (Correctional Supervising Officer). As more fully discussed below, plaintiff is alleging that defendants violated his First, Eighth, and Fourteenth Amendment constitutional rights in 2013-2014. Plaintiff is suing defendants in their individual capacities.

### A. Claims against Ryan Degen

Plaintiff alleges that on December 9, 2013, in retaliation for plaintiff filing an IRR against him, defendant Ryan Degen intentionally "rammed the chuck-hole into [plaintiff's] hands causing physical injury." Plaintiff states that his "left finger was split open, bleeding, red and swollen, and his other finger was red and swollen." The Court finds that plaintiff has sufficiently alleged a First Amendment violation against Ryan Degen. As such, plaintiff's claims are sufficient to proceed against this defendant.

### B. Claims against Michael Vaughn

Plaintiff alleges that, shortly after Degen smashed his hands in the chuck-hole, defendant Michael Vaughn viewed plaintiff's injuries and told plaintiff that he had called medical staff to come evaluate plaintiff; however, plaintiff states that he never received medical attention that day. Plaintiff states that he waited for three days before medical staff treated him and issued him anti-bacterial ointment and bandages. Plaintiff claims that he told Vaughn about the excessive force incident, but Vaughn "did nothing to try to remedy the wrong." More specifically, Vaughn allegedly failed to report the abuse and to "make sure that plaintiff received any medical care." The Court finds that plaintiff has

4

sufficiently alleged an Eighth Amendment violation against Michael Vaughn. As such, plaintiff's claims are sufficient to proceed against this defendant.

### C. Claims against Ian Wallace

Plaintiff alleges that defendant Ian Wallace "used unequal treatment against him," by failing to separate Degen from plaintiff during an ongoing investigation following the December 9, 2013 incident, in violation of the Fourteenth Amendment's equal protection guarantee.

The Equal Protection Clause "prohibits government officials from selectively applying the law in a discriminatory way." *Central Airlines, Inc. v. United States*, 138 F.3d 333, 334-35 (8th Cir.1998) (citation omitted). "It protects 'fundamental rights,' 'suspect classifications,' and 'arbitrary and irrational state action.'" *Brandt v. Davis*, 191 F.3d 887, 893 (8th Cir.1999). In the instant case, plaintiff does not claim that he belongs to a suspect class or has a fundamental right at stake, and his failure to do so is detrimental to his equal protection claim.

Moreover, even if the complaint is interpreted as attempting to assert a "class of one" violation, it fails. Such a claim is allowed where a plaintiff demonstrates that he was "intentionally treated differently from others similarly situated and that there [was] no rational basis for the difference in treatment." *Flowers v. City of Minneapolis*, 558 F.3d 794, 799 (8th Cir.2009) *(quoting Village of Willowbrook v.*

*Olech*, 528 U.S. 562, 564-65 (2000)).  Plaintiff's complaint fails to allege such a claim.  Because plaintiff has failed to assert any facts indicating that defendant Wallace invidiously discriminated against him in favor of another person or class of persons, with no rational basis for any differentiation in treatment, his Fourteenth Amendment claim against Ian Wallace will be dismissed as legally frivolous.

### D. Motion for Appointment of Counsel

Plaintiff has filed a motion for appointment of counsel, asserting that he cannot afford an attorney, his knowledge of the law is limited, and the issues are complex and will require significant research and investigation [Doc. #3]. Without counsel, plaintiff believes he will be disadvantaged.  For the following reasons, the motion will be denied without prejudice.

"A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case."  *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998). When determining whether to appoint counsel for an indigent litigant, the Court considers relevant factors, such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim.  *Id.*

After reviewing these factors, the Court finds that the appointment of counsel is not warranted at this time. This case is neither factually nor legally complex, and it is evident that plaintiff is able to present his claims, because the Court will order process to issue on defendants Ryan Degen and Michael Vaughn. Consequently, the motion will be denied at this time, without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff shall pay an initial filing fee of $10.62 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [Doc. #3] is **DENIED** without prejudice to refiling at a later time.

**IT IS FURTHER ORDERED** that, as to plaintiff's First and Eighth Amendment claims against Ryan Degen and Michael Vaughn, respectively, in their individual capacities, the Clerk shall issue process or cause process to be issued on the complaint.

**IT IS FURTHER ORDERED** that defendants Ryan Degen and Michael Vaughn shall reply to plaintiff's claims within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that, as to defendant Ian Wallace, the Clerk shall not issue process or cause process to issue, because the complaint is legally frivolous and fails to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that, pursuant to the Court's differentiated case management system, this case is assigned to Track 5B (standard prisoner actions).

A separate Order of Partial Dismissal shall accompany this Memorandum and Order.

Dated this 22nd day of April, 2015.

/s/ Jean C. Hamilton
**UNITED STATES DISTRICT JUDGE**