UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| EDWYN ROLAND, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:14-CV-166-ACL |
| | ) | |
| IAN WALLACE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the failure of the United States Marshals Service ("Marshals Service") to properly serve process in this action as to defendant Ryan Degen in accordance with Rule 4 of the Federal Rules of Civil Procedure.

Plaintiff filed this action on or about November 20, 2014, and requested permission to proceed in forma pauperis. An amended complaint was filed on February 9, 2015. On April 22, 2015, the Court granted plaintiff's request to proceed in forma pauperis and ordered the Clerk to serve process on the amended complaint relative to plaintiff's First and Eighth Amendment claims against Ryan Degen and Michael Vaughn in their individual capacities. A Waiver-of-Service letter was sent to the Missouri Attorney General on April 22, 2015. In response, the Court was advised that service would be waived only on behalf of Michael Vaughn,

because the Assistant Attorney General was unable to get in contact with Ryan Degen.

Thereafter, plaintiff was ordered to provide the Court with the correct name and address of defendant Degen. Plaintiff's response was placed under seal, and the Court issued a Memorandum and Order on June 16, 2015, instructing the U.S. Marshals to serve Ryan Degen personally with a copy of the amended complaint and with summons at his place of employment: Scott County Sheriff's Department, 131 Winchester Street, Benton MO 63736. The Clerk prepared a summons for defendant Ryan Degen and forwarded it to the Marshals Service on the same day.

The Marshals Service filed a return of service on July 30, 2015 [Doc. 25]. The return of service indicates that, contrary to the Court's instructions, summons was served on July 27, 2015, on "Rick Walters, Sheriff." There is no indication that this individual was authorized by appointment or by law to receive process on behalf of defendant Degen. Although the summons bears a handwritten notation, which reads: "Spoke with Degen by phone – he asked for it to be left with the sheriff," there is no indication how the Marshal ascertained that defendant Ryan Degen was, in fact, the individual he spoke with on the telephone, and, to date, no responsive pleading has been filed on behalf of Degen.

Having carefully reviewed the facts, the Court finds that defendant Ryan Degen was not served in accordance with Rule 4(e) of the Federal Rules of Civil Procedure. Rule 4(e) of the Federal Rules of Civil Procedure governs serving an individual or a government official named in his or her individual capacity. Rule 4(e)(1)-(2) states that service may be made on an individual by following state law or by:

> (A) delivering a copy of the summons and of the complaint to the individual personally;
>
> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>
> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e)(1)-(2). Service under Missouri law is substantially similar to service under Rule 4(e)(2). See Mo. R. Civ. P. 54.13(b)(1).

The July 27, 2015 service of process by the Marshals Service was insufficient, because there is no indication that defendant Ryan Degen was, in fact, the individual the Marshal spoke with on the telephone or that the sheriff was an "agent authorized by appointment or by law to receive service of process" on behalf of Degen. Moreover, defendant's workplace is not his "dwelling or usual place of abode."

3

Because the Marshals Service failed to serve process on defendant Degen in accordance with Rule 4(e), the Court has not acquired jurisdiction over this defendant. See, e.g., Peterson v. Sheran, 635 F.2d 1335, 1337 (8th Cir. 1980).

The Court will order the Marshals Service to serve process on defendant Ryan Degen a second time. The Marshals Service will be specifically directed as to the manner in which process must be served, as set forth below.

Accordingly,

**IT IS HEREBY ORDERED** that the United States Marshals Service shall serve defendant Ryan Degen, in his individual capacity, with an alias summons and a copy of the amended complaint in accordance with Rule 4(e) of the Federal Rules of Civil Procedure. Specifically, the Marshals Service shall serve Degen by either (1) delivering the summons to him personally, (2) leaving a copy of the summons at the defendant's dwelling or usual place of abode with someone of suitable age who resides there (defendant's workplace is **not** his dwelling or usual place of abode), or (3) by delivering a copy of the summons to an agent authorized by appointment or by law to receive service of process on behalf of Degen. If the Marshals Service leaves the summons with a person at defendant's workplace who is not defendant Ryan Degen, the return of service must indicate that the person who receives the

summons has held themselves out to be an agent authorized by appointment or by law to receive said service of process on behalf of Ryan Degen.

**IT IS FURTHER ORDERED** that the Marshals Service shall serve the summons within 30 (thirty) days of the date of this Memorandum and Order.

**IT IS FURTHER ORDERED** that the Clerk shall provide the Marshals Service with a copy of this Memorandum and Order.

Dated this 18th day of August, 2015.

*/s/ Abbie Crites-Leoni*
ABBIE CRITES-LEONI
UNITED STATES MAGISTRATE JUDGE