UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| EDWYN ROLAND, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:14 CV166 ACL |
| | ) | |
| IAN WALLACE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the Complaint of Plaintiff Edwyn Roland on his civil

rights action pursuant to 42 U.S.C. § 1983 against Defendants Ian Wallace, et al. Presently

pending before the Court are Plaintiff's three motions for appointment of counsel (Docs. 39, 41,

43), and request for "court order" (Doc. 39).

In his first motion for appointment of counsel, Plaintiff states that he has been experiencing

difficulty receiving legal materials while housed in segregation at Southeast Correctional Center

("SECC"). (Doc. 39.) Plaintiff requests that the Court issue an Order directing SECC to: allow

him daily access with his caseworker to determine his stationary needs, provide at least ten sheets

of paper at least once a week, allow him to purchase ten more regular white envelopes, allow him

to have his white litigation book, allow him to have any papers out of his property that he considers

legal materials, and allow him to go through his property under the supervision of an officer and

retrieve any and all legal mail and legal materials. Plaintiff subsequently filed two additional

motions for appointment of counsel.

The appointment of counsel in a civil case is governed by 28 U.S.C. § 1915 (d). It is

within the district court's sound discretion whether to appoint counsel for those who cannot pay for

an attorney under this provision.   *See In re Lane*, 801 F.2d 1040, 1044 (8th Cir. 1986).

In determining whether a person who is indigent should be appointed counsel, the court should ascertain "whether the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel."   *Nelson v. Redfield Lithograph Printing*, 728 F.2d 1003, 1005 (8th Cir. 1984).   In addition, the court should consider the factual complexity, the plaintiff's ability to investigate facts, the existence of conflicting testimony, the plaintiff's ability to present her claim, and the complexity of the legal issues.   *See Johnson v. Williams*, 788 F.2d 1319, 1322-23 (8th Cir. 1986); *Abdullah v. Gunter*, 949 F.2d 1032, 1035 (8th Cir. 1991), *cert. denied*, 504 U.S. 930, 112 S. Ct. 1995, 118 L.Ed.2d 591 (1992).

After consideration of the above factors, the undersigned concludes that it is not necessary that counsel be appointed for Plaintiff at this point in the litigation.   As support for his motion for appointment of counsel, Plaintiff contends that his access to legal materials has been limited because he is being kept in segregation.   Plaintiff, however, has filed appropriate pleadings and motions for continuances in this matter.   Thus, the Court cannot say that his alleged limited access to legal materials has affected his ability to prosecute his case.

The undersigned finds that Plaintiff has clearly presented his claims against Defendants, and that it does not appear that "plaintiff as well as the court will benefit from the assistance of counsel."   Thus, Plaintiff's motions for appointment of counsel will be denied without prejudice. "Without prejudice" means that Plaintiff may later ask for appointment of counsel if he feels it is necessary.   The Court will also deny Plaintiff's request for an order requiring SECC to provide him with specific legal materials.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motions for appointment of counsel

(Docs. 39, 41, 43) are **denied without prejudice**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Court Order (Doc. 39) is **denied.**

Dated this 19th day of April, 2016.

ABBIE CRITES-LEONI
UNITED STATES MAGISTRATE JUDGE